## Case No. 12,026.

### ROLLHAUS v. McPHERSON.

[N. Y. Times, Jan. 23, 1855.]

Circuit Court, S. D. New York. Jan. 20, 1855.

PATENTS—INFRINGEMENT SUITS—PATENT AS EVIDENCE—COMBINATIONS—DAMAGES.

[1. A patent is prima facie evidence of the originality and utility of the alleged invention, but its effect as evidence is overcome by proof that it includes matters which the patentee did not invent.]

[2. A patent for a combination is not infringed if defendant uses less than the entire combination claimed.]

[3. On proof that the patent has been infringed, the jury may give nominal damages; but they cannot infer or imply any further damages unless the same is proved by testimony, and the difficulty of furnishing such proof, either by showing profits made by defendants or the value of the infringing articles sold, does not authorize any presumption whereby the recovery may be enhanced beyond the damages actually shown by the testimony.]

This was a suit for an infringement of a patent. The plaintiff had obtained a patent in the year 1849 for a cooking range. The subject of the patent was a peculiar combination of flues and dampers, and in the specification he had spoken of his flues as "inclined," and described the advantages which were gained by the use of inclined flues. The defendant, he now claimed, had infringed his patent by making and selling ranges in which the flues were vertical instead of inclined, and he claimed damages to the amount of $2,500.

Shepard & Burger, for plaintiff.

Mr. Goddard, for defendant.

BETTS, District Judge (charging jury). That the fundamental rules of law governing patent rights and applicable to the present case might be summed up in these: That a patent was, in effect, the sole title of an inventor to his discovery, and that he was bound to prove his fabric was covered by the terms of his grant; that, although the patent afforded prima facie evidence of the originality and utility of his discovery, that evidence would be displaced by proof that he had included within his patent matters not of his invention; that the public right could not be trenched upon by a private claim to the use of a manufactured article when the testimony does not establish that in the particular which he claims to be his own, he has made a new and valuable addition to all that was before known; and that, whatever may be the extent of the actual discovery of a patentee, he is limited to the summary or claiming part of his specification as the measure of his title. In this case the plaintiff claims a new combination of parts of a range apparently in common use, except, perhaps, diving and ascending flues of an inclined form, at a large angle. It is not clear whether he sets up this shape of the flues as his invention, but

he makes that feature of them a prominent one in his specification and claim. Vertical or upright flues are of long and common use. He must, then, make it satisfactorily appear that the combination described by him enters into the construction of his ranges, and has been embodied by the defendant in the ranges made and sold by him. If the defendant uses less than the entire combination claimed by the plaintiff, such use will not amount to an infringement. The law is liberal and astute in upholding and enforcing the rights of a bona fide patentee, when his discovery is original and valuable. But it is not enough that the invention is real to him, it must be first and original as to all others.

The plaintiff must prove the damages he has sustained. The verdict, if for the plaintiff, must in that respect be governed by the evidence. The jury may give nominal damages on the proof that the plaintiff's right has been infringed, but they cannot infer or imply any amount of damages not authorized by the testimony. The difficulty of supplying that evidence cannot entitle the plaintiff to any presumption enhancing his recovery beyond the damages he is able to prove he has sustained, either in the profits of the sales made by the defendant or the value of the ranges made by him in violation of the plaintiff's patent.

The jury thereupon found a verdict for the defendant.